UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No. 23-CR-126

JORDAN SIMON,

        Defendant.

## PLEA AGREEMENT

1.    The United States of America, by its attorneys Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Megan J. Paulson, Assistant United States Attorney, and the defendant, Jordan Simon, individually and by attorney Michael Steinle, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

## CHARGES

2.    The defendant has been charged in a single-count information, which alleges a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

3.    The defendant has read and fully understands the charge contained in the information. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.    The defendant voluntarily agrees to waive prosecution by indictment in open court.

1

5. The defendant voluntarily agrees to plead guilty to the information set forth in full as follows:

### THE UNITED STATES CHARGES THAT:

1. On or about February 19, 2022, in the State and Eastern District of Wisconsin,

**JORDAN SIMON**

knowingly possessed material that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a minor who had not attained the age of 12 years, and which had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce, and that was produced using materials that had been mailed, shipped, and transported by a means of interstate and foreign commerce, including by computer.

2. The child pornography possessed by the defendant included files identified by the following partial file names:

| Partial File Name | Description |
|---|---|
| 3E2BB3C2 | This video is 5 minutes and 41 seconds long. The camera is zoomed in on the vagina of a pre-pubescent girl, who is approximately 6 years old. The girl is lying on her back with an adult male positioned in between her legs. The man is sexually assaulting the girl with penis to vagina penetration. The man also makes mouth to vagina contact with the girl. |
| 5EBFB490 | This 50 second video depicts a naked female who is approximately 1-3 years old, lying on her back. A naked adult male is positioned in between the child's legs and sexually assaulting her with finger to vagina contact, penis to anus contact, and penis to pubic area contact. |

All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

6.      The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

On February 19, 2022, law enforcement was contacted by an adult female, hereinafter K.M., who unknowingly received child pornography from a stranger. Earlier that day, K.M. met the defendant, Jordan Simon, on Omegle. Omegle is a free online chat website that allows users to chat with one another anonymously. On Omegle, K.M. was connected with a stranger. This stranger asked her if she wanted "CP". K.M. did not know what CP was and said, "yes." The stranger then provided K.M. with his snapchat username of "les_m2020." K.M. sent the stranger a picture of herself to prove that she was a female. The stranger then sent K.M. three MEGA Links over snapchat. When K.M. opened one of the links it directed her to a library of pornographic videos. When she viewed some of the videos, she recognized that they contained children engaged in sexually explicit conduct. After K.M. provided consent to the FBI to download the contents of her Snapchat account, they were able to see that the snapchat username "les_m2020" sent three MEGA Links to K.M.'s snapchat account on February 19, 2022.

The FBI reached out to MEGA's law enforcement contact to obtain the content of the three MEGA Links. When they received the links back from MEGA, they determined that there were approximately 20 videos with CSAM. One of the videos showed a young pre-pubescent girl who is approximately 3-6 years old. The girl was lying on her back with her vagina exposed and an adult male is assaulting her with penis to vagina penetration. After an administrative subpoena was served to Snap Inc, for subscriber information associated with the user "les_m2020," the FBI received an email address and an IP address. The email address resolved to a Jordan Simon and the IP address resolved to a Jeff Simon (Jordan Simon's dad) who resided in Richfield, Wisconsin. The Simon family resided at the Richfield address in February 2022 but then moved to 5228 N. 108th Court, in Milwaukee, Wisconsin, in approximately September 2022.

On November 2, 2022, a search warrant was executed at the Milwaukee address. Subsequently, law enforcement conducted an in-custody interview of Jordan Simon, during which he admitted to sending the three MEGA links that contained child pornography to K.M. on February 19, 2022. He also admitted to looking at child pornography since approximately 2020 and said that he gets sexually aroused when viewing it.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

7. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum penalties: up to 20 years' imprisonment; five years to life of supervised release; up to a $250,000 fine; and a mandatory special assessment in the amount set forth in 18 U.S.C. §§ 3013 and 3014. The parties further recognize that a restitution order may be entered by the court.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of possession of child pornography as set forth in the information, the government must prove each of the following propositions beyond a reasonable doubt:

| | |
|---|---|
| First: | The defendant knowingly possessed or accessed with intent to view any visual depiction; |
| Second: | The visual depiction is child pornography; |
| Third: | The defendant knew that one or more of the persons depicted were under the age of eighteen years; |
| Fourth: | The material identified in the information has been mailed, shipped, or produced using materials that have been mailed, shipped or produced in or affecting interstate or foreign commerce; and |
| Fifth: | The visual depiction involved a minor under 12 years old. |

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The defendant acknowledges and agrees that his attorney has discussed the potentially applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

13. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

5

### Base Offense Level

15.     The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in the information is 18 under Sentencing Guidelines Manual § 2G2.2(a)(1).

### Specific Offense Characteristics

16.     The parties agree to recommend to the sentencing court that a two-level increase for material involving a prepubescent minor or a minor who had not attained the age of 12 years under Sentencing Guidelines Manual § 2G2.2(b)(2) is applicable to the offense level for the offense.

17.     The parties agree to recommend to the sentencing court that a four-level increase because the offense involved an infant or toddler or sadistic or masochistic conduct under Sentencing Guidelines Manual § 2G2.2(b)(4) is applicable to the offense level for the offense.

18.     The parties agree to recommend to the sentencing court that a two-level increase because the offense involved the use of a computer for the possession of the material under Sentencing Guidelines Manual § 2G2.2(b)(6) is applicable to the offense level for the offense

19.     The parties agree to recommend to the sentencing court that a five-level increase because the offense involved at least 600 or more images under Sentencing Guidelines Manual § 2G2.2(b)(7)(D) is applicable to the offense level for the offense.

## Acceptance of Responsibility

20. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of responsibility includes but is not limited to the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of the offense prior to sentencing. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

21. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

22. Both parties reserve the right to make any recommendation regarding any and all factors pertinent as they affect sentencing. Both parties reserve the right to argue the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; and any other matters not specifically addressed by this agreement.

23. The parties agree to a joint recommendation of three and a half years (or 42 months) in prison, followed by a period of at least five years' supervised release.

## Court's Determinations at Sentencing

24. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

25. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

26. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

27. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and

sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

## Special Assessment

28.    The defendant agrees to pay the special assessment in the amount of $100 or $5,000.00 if the court determines the defendant is non-indigent prior to or at the time of sentencing or upon further order of the court.

## Restitution

29.    Pursuant to 18 U.S.C. § 3663, the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses for victims of the conduct described in the charging instrument, statement of facts, and any relevant conduct, specifically including the minors identified as a victim by law enforcement. The defendant agrees that the minors are properly considered a "crime victim" under 18 U.S.C. § 3771 and are therefore afforded all enumerated rights under that section. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable ten days prior to sentencing. To date, based upon the government's receipt of the Victim Identification Report, there have been two series identified as part of the images or videos that the defendant possessed. Those series include: "At School" and "Best Necklace." The victim in "Best Necklace" requests the defendant to pay $7500.00 in restitution and the defendant stipulates to pay that amount.

30.    The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The

9

defendant understands the imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

### DEFENDANT'S WAIVER OF RIGHTS

31. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his

10

refusal to testify. If defendant desired to do so, he could testify on his own behalf.

32. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

33. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

34. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

35. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release,

term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statute or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

### Further Civil or Administrative Action

36. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### MISCELLANEOUS MATTERS

37. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his

school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

38. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

39. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

40. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

41. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's

agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

42. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 6-20-23

JORDAN SIMON
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 6-20-23

MICHAEL STEINLE
Attorney for Defendant

For the United States of America:

Date: 6/27/23

GREGORY J. HAANSTAD
United States Attorney

Date: 6/27/23

MEGAN J. PAULSON
Assistant United States Attorney

15